UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE G. WIGGINS AND SHEILA S. BELL-WIGGINS,<br><br>Plaintiffs/Appellants,<br><br>v.<br><br>HUDSON CITY SAVINGS BANK and WELLS FARGO BANK, N.A.,<br><br>Defendants/Appellees. | Civ. No. 15-cv-008898-KM<br><br>(Bankr. No.: 12-26993 (JKS))<br><br>(Adv. Pro. No.: 15-01938 (JKS))<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

The debtors, Andre G. Wiggins and Sheila S. Bell-Wiggins (the "Wigginses"), appeal from an order by Judge John K. Sherwood of the United States Bankruptcy Court for the District of New Jersey. (ECF No. 1 (Notice of Appeal)). The order denied the Wigginses' second motion for reconsideration of a bankruptcy court order which dismissed their complaint, to the extent it did so without granting leave to amend. *See* Bankr. Nov. 17, 2015 Order, *Wiggins v. Hudson City Savings Bank and Wells Fargo Bank, N.A.*, No. 12-26993 (JKS), Adv. Pro. No. 15-01938-JKS ECF No. 21.[1] For the reasons set forth below, the

---

[1]   This entry and other docket entries for the bankruptcy case and for adversary proceedings thereunder are available through the Bankruptcy Court's ECF filing system. Hereinafter, citations to entries to the Adversarial Proceeding docket will be abbreviated as "Adv. Pro No._" and citations to entries to the docket for this appeal will be abbreviated as "ECF No._". Additionally, citations to the moving papers will be abbreviated as follows:

    Complaint, Adv. Pro. No. 1 = "Compl."
    Proposed Amended Complaint, Adv. Pro. No. 17-1 = "Am. Compl."
    Order Granting Motion to Dismiss Complaint, entered Aug.4, 2015, ECF No. 1-3, Adv. Pro. No. 8 = "MTD Order"
    Opinion Granting Motion to Dismiss Complaint, entered Aug.4, 2015, Adv. Pro. No. 8 = "MTD Opinion"
    Order Denying Motion for Reconsideration, entered Sept.11, 2015, ECF No. 1-2, Adv. Pro. No. 15 = "First Order"

decision of the bankruptcy court is REVERSED AND REMANDED for a finding as to the futility, or not, of amendment.

This matter arises from an adversary proceeding commenced by the Wigginses as debtors/plaintiffs within their Chapter 13 bankruptcy case. A foreclosure case against the Wigginses' home is also proceeding in the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-009769-14 (the "Foreclosure Case"). The Wigginses' complaint, filed May 18, 2015, alleges that defendant Hudson City Savings Bank ("Hudson City")—to which the Wigginses' mortgage loan was transferred—violated the automatic stay in bankruptcy when it prosecuted the state foreclosure case. It also alleges that defendant Wells Fargo Bank, N.A. ("Wells Fargo")—the original mortgagee, which continued to service the Wigginses' mortgage—violated the Real Estate Settlement Procedures Act ("RESPA") and Implementing Regulation X ("Regulation X") by failing to provide the Wigginses with information about why the bank had denied their application for a mortgage loan modification and by continuing to pursue the foreclosure while a loan modification was allegedly pending. (Appellant Br. 3–9; Compl. ¶¶ 33–51; Appellee Br. 7). The Wigginses brought the RESPA and Regulation X claims pursuant to 12 C.F.R. § 1024.41(g) and 12 C.F.R. § 1024.35(b),[2] seeking monetary, injunctive, and declaratory relief. (Compl. 10).

The Banks moved to dismiss the complaint. They argued first, that when they instituted foreclosure proceedings, the automatic stay had been

---

  Order Denying Second Motion for Reconsideration, entered Nov. 18, 2015, ECF No. 1-3, Adv. Pro No. 21 = "Second Order"

  Motion to Reconsider, entered August 18, 2015, Adv. Pro No. 11 = "First Motion"

  Motion to Reconsider, entered Sept. 24, 2015, Adv. Pro. No. 17 = "Second Motion"

[2]   12 C.F.R. § 1024.41(g) prohibits servicers from proceeding with foreclosure once the borrower has sought loan modification unless the servicer has sent the borrower a notice that the borrower is not eligible for modification and appeal is not available or has been denied. 12 C.F.R.§ 1024.35(b) requires servicers to respond to a properly submitted notice of error concerning servicing of the mortgage loan. (See MTD Opinion 10–16).

terminated as to the mortgaged property pursuant to the Wigginses' four confirmed bankruptcy plans; and second, that Wells Fargo had fully complied with the RESPA and Regulation X provisions at issue. (Adv. Pro. No. 4). The Wigginses' brief in opposition concluded: "To the extent that the Court is inclined to grant the Motion, the Plaintiff requests leave to amend." (Adv. Pro. ECF No. 5 at 7).

Bankruptcy Judge Sherwood agreed with the defendants' arguments as to the automatic stay and 12 C.F.R. § 1024.41(g) claims. With respect to the 12 C.F.R. § 1024.35(b) claim, he found that the Wigginses' submission of a "notice of error" to Wells Fargo was not the proper method to challenge the bank's decision to deny a loan modification; as to such a denial (as opposed to more mundane administrative errors in loan administration) the correct procedure was to invoke the appeals process under 12 C.F.R. § 1024.41(h). Therefore, the bank had not been obligated to respond. (MTD Opinion 10–16). Accordingly, on August 4, 2015, the bankruptcy court granted the motion to dismiss. (MTD Order). That ruling was not appealed, and is not challenged here.

The MTD Order does not state whether the dismissal was with or without prejudice to amendment. On August 18, 2015, the Wigginses filed a motion for reconsideration, contending that the bankruptcy court had made a clear error of law by dismissing the complaint without granting their request for leave to amend. (*See* First Motion). Following oral argument, the bankruptcy court denied that motion on September 11, 2015. Considered as a motion to amend the complaint, said the court, it was facially defective; for example, it did not include a proposed amended complaint or other basis for the court to determine whether amendment would not be futile. (First Order ¶¶ 4–5, 7–8).[3] And based on that defect, the bankruptcy court reasoned, the Wigginses could not establish any of the three grounds for reconsideration: "(1) an intervening

---

[3] That was of course a correct statement of the law. A motion to amend (setting aside *pro se* and/or civil rights cases) will generally be denied if it is not accompanied by a proposed amended complaint. (*Id.* ¶ 9 (citing *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007), *Kemezis v. Matthews*, 394 Fed. Appx. 956, 960 (3d Cir. 2010), and *Ramsgate Court Townhome Assoc. v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002)).

3

change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). (*See* First Order ¶¶ 6, 10).

The Wigginses filed a second motion for reconsideration on September 24, 2015; this time, they took the hint and attached a proposed amended complaint. (*See* Second Order ¶ 7; Am. Compl.). Following a hearing, the bankruptcy court denied the second motion for reconsideration. That ruling was based on the failure to establish any of the three grounds for reconsideration. *See* immediately preceding paragraph, *supra*. (*Id.* ¶¶ 9–10). The order was entered on November 18, 2015. (*Id.* ¶ 10; ECF No. 1-3).

On December 2, 2015, the Wigginses filed a notice of appeal to this Court. Pursuant to 28 U.S.C. § 158(a), I review "'the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir.2007) (quoting *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir.2005)).

I have determined that a remand is appropriate. Such a remand may appear hypertechnical, but it is necessary to ensure that the Wigginses have not forfeited a procedural opportunity to which they may have been entitled.

The Third Circuit has liberally permitted pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). To call this a "one bite" rule would be too strong. But where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court *must* permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (emphasis added). *Accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

4

It follows that the wrangling over "denial" of the Wigginses' preemptive request for leave to amend, and "reconsideration" of a ruling that had not been made was a diversion. In light of the command of *Alston, supra,* and the other cases cited above, it does not really matter:

> Nonetheless, the District Judge erred when he dismissed the complaint without offering Phillips the opportunity to amend her complaint. It does not matter whether or not a plaintiff seeks leave to amend. ... In *Shane*, we held that when dismissing for a failure to state a claim:
>
>> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.
>
> *Id.* at 116 (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n. 1 (3d Cir. 1976)). Because Phillips was not given such an opportunity, we will remand to allow her to decide whether to stand on her complaint or attempt an amendment so as to properly allege an affirmative act by defendant Nussbaum.

*Phillips*, 515 F.3d at 236.[4]

I think that the same considerations should inform the dismissal of an adversary proceeding complaint in bankruptcy court. *See generally Mullarkey v. Tamboer,* Civ. No. 09-4518, 2009 WL 5205963, at *17 (D.N.J. Dec. 23, 2009) (Debevoise, J.) (on bankruptcy appeal, noting that "leave to amend should be granted in cases where a Complaint is dismissed for failure to state a claim unless doing so would be futile"); *In re Dwek*, No. ADV 09-1233, 2010 WL

---

[4] *Shane* explicitly addressed a dismissal in which plaintiff did not even request leave to amend:

> The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit case law, however, holds that leave to amend must be given in this situation as well.

213 F.3d at 116.

5

3087474, at *3 (Bankr. D.N.J. Aug. 4, 2010) (on motion to dismiss, granting cross-motion to amend), *aff'd*, Civ. No. 10-5952 (JAP), 2011 WL 1322292 (D.N.J. Mar. 31, 2011).

The better practice when dismissing a complaint, then, is to specify whether the dismissal is with or without prejudice. If without prejudice, the court may prevent the case from drifting by providing for the filing of a properly supported motion to amend within a specified period. If with prejudice, the court should make a finding that any amendment would be inequitable or futile. "Futility," in this context, means that "the complaint, as amended, would fail to state a claim upon which relief could be granted," applying the usual Rule 12(b)(6) standard (as incorporated by Fed. R. Bankr. P. 7012). *Shane*, 213 F.3d at 115; *see also Dressler v. Energy*, No. 14-7060, 2016 WL 5886878, at *3 (D.N.J. Oct. 7, 2016); *In re U.S. Mortgage Corp.*, 492 B.R. 784, 822–24 (Bankr. D.N.J. 2013). Such a finding of futility might accompany a dismissal on unavoidable jurisdictional grounds, or where there is no reasonable prospect of amended factual allegations that could repair the deficiencies of the complaint. A finding of futility should be approached with caution, however; the court has no way of knowing what additional facts may exist that could be alleged in an amended complaint.

The Wigginses' counsel bears a share of the responsibility for the procedural quandary here; he might have avoided miscuing the court by filing a straightforward motion to amend, attaching a copy of the proposed amended complaint. I am mindful, however, of the Third Circuit's admonition that such procedural niceties not stand in the way of the merits. *See Dole, supra.* Looking beyond labels, I find that in substance, when counsel filed the second motion for reconsideration, he got there.

I will therefore remand this matter so that the bankruptcy court may review the proposed amended complaint and rule as to whether amendment would be futile. I wish to particularly emphasize that, on that issue, I express no view. There may well be a basis for a finding of futility, in that the grounds for dismissal of the original complaint seem to have been fairly definitive.

Nevertheless, the bankruptcy court, which best knows the case and its grounds for dismissal, should consider the futility issue in the first instance.

## CONCLUSION

For the foregoing reasons, the November 18, 2015 order of the bankruptcy court denying the second motion for reconsideration is REVERSED and REMANDED for a ruling as to whether permitting the filing of the proposed amended complaint would be futile.

_____
**KEVIN MCNULTY**
**United States District Judge**

DATED: October 13, 2016